IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABRAHAM MARTIN, ) | CIVIL NO. 12-00598 SOM/RLP |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER GRANTING MOTION FOR |
| vs. ) | RECONSIDERATION OF |
| ) | INTERLOCUTORY ORDER |
| ABM PARKING SERVICES, INC., ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |
| ABM PARKING SERVICES, INC., ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| ABRAHAM MARTIN, ) | |
| ) | |
| Counterclaim ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER**

**I.      INTRODUCTION.**

Defendant Ampco System Parking brings a motion to alter or amend this court's denial in part of Ampco's earlier motion for summary judgment.  The court construes Ampco's motion as one for reconsideration of an interlocutory order under Local Rule 60.1.

On October 21, 2013, this court granted summary judgment to Ampco on almost all of the claims alleged in pro se Plaintiff Abraham Martin's Complaint, but denied summary judgment as to Count VI.  Count VI alleges "an illegal revocation of [Martin's] work permit" and describes Ampco's decision to

terminate its contract with Martin as "an act of retaliation." ECF No. 1-1.  As this court noted in the challenged order, "The legal theory underlying Count VI is unclear.  Count VI may be asserting that the revocation constituted a breach of contract... [but] may be inartfully asserting some kind of tort claim, the contours of which are less than clear."  ECF No. 100 at 36.

This court noted, however, that Ampco "[did] not brief this issue."  Id.  Instead of arguing that Martin's claim did not assert a cognizable legal theory, Ampco instead "rest[ed] on denying that it took . . . retaliatory action."  Id. at 37.  Therefore, the sole disputed issue before the court regarding Count VI on Ampco's motion for summary judgment was the question of whether Ampco's motives were or were not retaliatory.  On that question, this court concluded that an issue of material fact precluded summary judgment.  Ampco now raises the issue it failed to brief at the summary judgment stage--whether or not Count VI has a cognizable legal basis.

This court directed Martin to include in his response to Ampco's reconsideration motion a clarification of his claim, specifically addressing whether Count VI "is a claim based on contract or a claim in tort."  ECF No. 107.  Although Martin's response is once again not a model of clarity, he does state unequivocally that Count VI "is a tort claim."  ECF No. 111 at 7.  The court treats this as akin to a judicial admission as to newly

discovered material for the purposes of a Rule 60.1(a) motion. Given this statement regarding Count VI, this court reconsiders its earlier order and grants summary judgment in favor of Ampco as to all claims in the Complaint.

**II.       BACKGROUND**

A full recitation of the facts in this case is provided in this court's order granting in part and denying in part Ampco's motion for summary judgment.  ECF No. 100.

In summary, Ampco operates a taxi service at Honolulu International Airport, for which it contracts with taxi drivers. Id. at 2-3.  These drivers are not Ampco employees.  Rather, they sign agreements with Ampco under which they have permits to pick up passengers from Ampco's airport stand, in exchange for which they pay Ampco a per-trip fee and agree to abide by Ampco's "code of conduct."  Id.  In February, 2012, Ampco attempted to raise the fee it charged the drivers.  Martin, a taxi driver with an Ampco permit, allegedly formed a "union" to challenge this fee increase.  Id.

Ampco alleges that Martin attempted to use threats and harassment to coerce other drivers into joining this union. Although Martin disputed this allegation, his permit was revoked for having allegedly violated Rule 2 of Ampco's "code of conduct," which states that Ampco has a "zero tolerance" policy

with regard to "physical or verbal threats of bodily harm." Id. at 4-6.

Martin commenced this action in state court, and Ampco removed this case to federal court. Id. at 7. Because "[t]he Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants," Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal quotation omitted), this court construed Martin's Complaint as bringing various constitutional and state law claims, even though Martin had not specified the particular authority under which he sought relief. The court construed the complaint as alleging a 42 U.S.C. § 1983 claim for retaliation in violation of his First Amendment rights, a 42 U.S.C. § 1981 claim for racial discrimination in the enforcement of his contract with Ampco, as well as state law claims for breach of contract, intentional infliction of emotional distress, and "illegal revocation of permit."

The court held that any § 1983 claim against Ampco failed because Ampco was neither a state actor nor an entity conducting its business under color of state law. Id. at 28. The court further held that any potential § 1981 claim was foreclosed by Martin's failure to allege racial animus or discrimination on Ampco's part. Id. at 29. Martin's breach of contract claim alleged only that Ampco lacked the contractual

authority to unilaterally raise the fee it charged taxi drivers. This court rejected Martin's claim because, in applying for a permit, Martin had agreed to be bound by future concession agreements between Ampco and the Department of Transportation, and the relevant fee was increased pursuant to such a concession agreement. Id. at 31.  Finally, the court rejected Martin's emotional distress claim because he failed to provide sufficient evidence from which a reasonable fact finder could conclude that Ampco's conduct was outrageous. Id. at 33.

The court noted that Count VI--the sole remaining claim--could be construed either as a claim that Ampco did not have the authority under its contract with Martin to terminate him based on his alleged unionizing activities, or, alternatively, as a free-standing tort claim that Ampco's contract revocation breached a duty owed to Martin and intentionally caused him injury. Id. at 36.  Ampco's motion for summary judgment did not ask the court to interpret the legal underpinning of Count VI; Ampco's argument was *solely* that summary judgment must be granted with respect to Count VI because Martin failed to provide evidence that raised a question of fact as to Ampco's retaliatory intent. Id. at 36-37.  In other words, Ampco argued only that no reasonable juror could conclude that Martin was fired for a reason other than his allegedly threatening behavior.  On this question alone, which goes to the

sufficiency of the evidence, the court declined to grant summary judgment in the face of Martin's sworn declaration that he had not engaged in threatening behavior.  The court left for trial the resolution of the conflict between Martin's statements and Ampco's evidence.  Id. at 37.

Left necessarily unresolved by this court's order was the question of the legal basis for Count VI, a question not presented to the court by Ampco's motion.  On November 6, 2013, Ampco brought a motion to alter or amend this court's denial of summary judgment as to Count VI.  ECF No. 106.  Part of Ampco's motion simply repeats its argument that Martin's declaration fails to raise a triable issue of fact.  However, Ampco now also argues that there is no state law entitling Martin to relief, even if Ampco did revoke Martin's permit based on Martin's alleged attempt to create a union.  Ampco appears to arguing that it had the right to revoke Martin's permit for any reason at all.  This is a new argument raised for the first time in Ampco's reconsideration motion.  As this court explicitly noted in previously denying summary judgment with respect to Count VI, "Ampco does not, for instance, assert that, notwithstanding its rules and the point system governing certain disciplinary decisions, it was free to discharge Martin even if it did so in retaliation for his protest."  ECF No. 100 at 36-37.

The absence of this issue at the summary judgment stage placed the parties in the difficult situation of preparing for a trial in which the underlying legal claim was unclear.  For that reason, this court asked Martin to clarify the state law basis for Count VI in his opposition to Ampco's reconsideration motion.  ECF No. 107.  The court asked Martin to clarify, at a minimum, whether his claim sounded in contract or in tort.  Id.  In his opposition, Martin appears to re-allege many of the claims that this court granted summary judgment in favor of Ampco on.  However, Martin does unequivocally state that Count VI "is a tort claim."  ECF No. 111 at 7.  On the present motion, the court deems Martin's statement a new and material statement entitling Ampco to reconsideration of this court's prior order.

**IV.      STANDARD OF REVIEW.**

A successful motion for reconsideration must demonstrate why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reconsider its ruling.  Matubang v. City & County of Honolulu, 2010 WL 2176108, *2 (D. Haw. May 27, 2010).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998).  The District of Hawaii has incorporated this

standard into Local Rule 60.1, which governs motions for reconsideration of interlocutory orders.

Ampco seeks reconsideration of the court's order of October 24, 2013, pursuant to Local Rule 60.1(c), arguing that this court's ruling is based on a "manifest error of law or fact." Under Local Rule 60.1(c), motions for reconsideration of interlocutory orders may be brought based on manifest errors of law or fact when there is a need to correct those errors to prevent manifest injustice. See Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004) (noting that reconsideration motions may be granted when a manifest error must be corrected to prevent injustice); Na Mamo O `Aha `Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (same). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)). Mere disagreement with a previous order is an insufficient basis for reconsideration. Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

The court may also reconsider its prior order on the basis of Local Rule 60.1(a), which permits reconsideration based on the discovery of new material information not previously

available. "To support [reconsideration under LR 60.1(a), defendants] must show not only that the evidence was newly discovered or unknown, but also that they could not with reasonable diligence have discovered and produced such evidence earlier." United States v. Liddell, Civ. 07-00310 SOMKSC, 2007 WL 4841274 (D. Haw. Aug. 28, 2007) (citing Engelhard Indus., Inc. v. Research Instr. Corp., 324 F.2d 347, 352 (9th Cir. 1963)).

**V.      ANALYSIS.**

Ampco's first argument is that this court made a "manifest error" when it held that there was a question of fact as to Ampco's motives for revoking Martin's contract. Ampco says that Martin's allegation that "his permit was revoked in violation of [his rights]" is a "statement of pure opinion," and therefore does not create a triable issue of fact as to Ampco's motives. Ampco misunderstands this court's order. The court noted that "Martin appears to be relying on circumstantial evidence of retaliation; that is, Martin appears to be saying he did not threaten anyone, so any evidence that he did do so was manufactured and should not have been accepted by Ampco." ECF No. 100 at 37. In other words, the court did not rely on Martin's conclusory allegation that his firing was retaliatory; instead, the court found that a question of fact regarding Ampco's motives at least arguably arose from Martin's denial of wrongdoing.

Ampco spends much of its motion re-arguing this basic point, claiming that Martin's violation of Ampco's code of conduct is "undisputed," and that the mere allegation of retaliation is insufficient.  In so doing, Ampco fails to come to grips with the basis of this court's holding: the court did not uncritically accept Martin's assertion that Ampco's motives were retaliatory; instead, it held that a reasonable juror *could infer*, from the circumstances of the permit revocation and Martin's denial of wrongdoing, that Ampco's motives were retaliatory.  Ampco provides nothing to convince this court that its prior holding was based on a manifest error of fact or law, triggering reconsideration under Local Rule 61.1(c).

Ampco's second argument is that no state law supports Count VI of Martin's Complaint.  In its order, the court noted that it was " left with considerable confusion about the parties' legal theories."  Id. at 37.  In its motion for summary judgment, Ampco did not raise the question of whether Count VI was cognizable under Hawaii law, instead "resting on denying that it took [] retaliatory action."  Id.  The court confined itself to matters raised in Ampco's motion.  Instead of now deeming all other arguments waived,[1] the court, recognizing that a trial in

---

[1] In the context of a Rule 59(e) motion for reconsideration of a *final* order, a party cannot "raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 (2008).  However, district courts have wide discretion to

10

which the underlying legal claim is fundamentally unclear may be extremely problematic, has directed Martin to clarify the state law basis of his retaliation claim.  ECF No. 107.

Martin has replied unequivocally that Count VI "is a tort claim," not a contract claim.  ECF No. 111 at 7.  The court treats this statement as if it had been made in the Complaint.  "[A]ssertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."  Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988).  Moreover, "[f]or purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit."  Id.  This court treats Martin's clarification as a judicial admission that may constitute new material for purposes of a motion under LR 60.1(a).  It is true that Ampco did not know of this judicial admission at the time it filed its motion for reconsideration.  Nevertheless, because both parties have had the opportunity to brief matters relating to Count VI, the court construes Ampco's motion and reply as asking the court to reconsider its order based on Martin's new and material admission.

---

"reconsider, rescind, or modify an interlocutory order for cause seen by [the court] to be sufficient."  City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001).

11

Martin's admission is fatal to Count VI.  Martin claims that Count VI "is a tort claim, a claim for violations against his civil and human rights . . . [based on Ampco's] intimidation, harassment, bullying and retaliation against drivers."  ECF No 111 at 7.  Martin describes Ampco as "retaliating against [him] for his 'protected activity'" and accuses Ampco of "resort[ing] to onerous and pernicious acts towards him."  Id.  However, nowhere in his pleadings does Martin allege any tortious act aside from the revocation of his permit.  And Martin provides nothing to support the argument that the revocation itself was tortious.  The court identifies no duty on Ampco's part to continue its relationship with Martin, and no indication that Ampco infringed on any legally protected interest when it revoked Martin's permit.

Martin repeatedly describes the revocation as unlawful because it was allegedly in "retaliation" for "protected activity."  But Martin fails to articulate under what law his activity was protected.  The federal constitution provides no protection against private actors not operating under color of state law, and Martin's attempt to invoke section 378-2 of Hawaii Revised Statutes is unavailing because that statute applies to employers.  Martin was not Ampco's employee and does not even allege discrimination of the type addressed by section 378-2.  See Haw. Rev. Stat § 378-2 (prohibiting discriminatory practices

12

by employers).  In short, nothing in the record explains why Ampco did not have the power to revoke Martin's permit for protesting the fee increase.

Martin does not argue that any contract with Ampco prevented it from revoking his permit.  Even if his agreement did offer protection, Martin has no basis for transforming that contract claim into a tort claim, especially in light of Hawaii law that declines to recognize a tortious breach of contract except in limited circumstances not presented here.  See Francis v. Lee Enterprises, Inc., 89 Haw. 234, 236, 971 P.2d 707, 709 (1999); accord Carvel Corp. v. Noonan, 350 F.3d 6, 16 (2d Cir. 2003) ("[U]nless the contract creates a relation, out of which relation springs a duty, independent of the mere contract obligation, though there may be a breach of the contract, there is no tort, since there is no duty to be violated." (internal quotation omitted)).

This court has given Martin ample opportunity to assert a contract claim, even asking him directly whether Count VI was grounded in contract.  Martin has expressly disavowed any contract claim, and this court does not rewrite claims Martin himself has definitively clarified.  Having pled a claim in tort, Martin must support such a claim with sufficient facts from which a reasonable juror may conclude that he is entitled to recovery. Martin provides no evidence that Ampco committed a tort against

him, and summary judgment is accordingly granted to Ampco on Count VI.

**V.      CONCLUSION**

Ampco's motion for reconsideration of this court's interlocutory order, denying summary judgment as to Count VI of the Complaint, is granted.  Summary judgment is now granted in favor of Ampco on Count VI, as it is to all other claims asserted in the Complaint.

The Clerk of Court is directed to enter judgment for Ampco and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2013



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Martin v. Ampco System Parking, Civil No. 12-00598 SOM/RLP; ORDER GRANTING AMPCO SYSTEM PARKING'S MOTION TO ALTER OR AMEND INTERLOCUTORY ORDER